TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Tenniel Walker Nabena

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tenniel Walker Nabena,<br><br>              Plaintiff,<br><br>     vs.<br><br>Medicredit, Inc.; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 3:15-cv-111<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Tenniel Walker Nabena, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Tenniel Walker Nabena (hereafter "Plaintiff"), is an adult individual residing in Oakland, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Medicredit, Inc. ("Medicredit"), is a Missouri business entity with an address of 3620 Interstate 70 Drive SE, Columbia, Missouri 65201, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Medicredit and whose identities are currently unknown to the Plaintiff.  One or more

of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Medicredit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Medicredit Engages in Harassment and Abusive Tactics**

12. In or around June of 2014, Medicredit began calling Plaintiff in an attempt to collect the Debt.

13. Plaintiff explained to Medicredit that she disputes the Debt, that she needed to speak with her insurance company in order to resolve the issue, and that she would call Medicredit after that.

14. Medicredit continued to initiate calls to Plaintiff despite her unequivocal dispute of the Debt.

15. In or around July of 2014 and during one of these calls, Medicredit stated that they could call Plaintiff as many times as they wanted and whenever they wanted.

16. Medicredit failed to send Plaintiff any written correspondence regarding Plaintiff's right to dispute the Debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

20. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff in violation of 15 U.S.C. § 1692g(a).

21. The Defendants continued collection of the Debt within thirty days of receiving Plaintiff's notice that she disputed the Debt in violation of 15 U.S.C. § 1692g(b).

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff was harmed and is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. Medicredit, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

28. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

29. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

30. The Plaintiff was harmed and is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b); and

    F. Such other and further relief as may be just and proper.

| | |
|---|---|
| 1 | **TRIAL BY JURY DEMANDED ON ALL COUNTS** |
| 2 | |
| 3 | DATED:  January 9, 2015                    TAMMY HUSSIN |
| 4 | |
| 5 | By:  */s/   Trinette G. Kent* |
| 6 | Trinette G. Kent, Esq.<br>Lemberg Law, LLC |
| 7 | Attorney for Plaintiff, Tenniel Nabena |